## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| THOMAS C. HAMMETT<br>7803 Wincanton Court<br>Falls Church, Virginia 22043<br><br>            Plaintiff,<br><br>   v.<br><br>STEVEN MNUCHIN, SECRETARY<br>U.S. DEPARTMENT OF THE TREASURY<br>OFFICE OF D.C. PENSIONS<br><br>SERVE:   Channing D. Phillips<br>            United States Attorney for the<br>               District of Columbia<br>            United States Attorney's Office<br>            555 4th Street, N.W.<br>            Washington, D.C.  20530<br><br>            and<br><br>            Jeff Sessions<br>            Attorney General<br>            U.S. Department of Justice<br>            950 Pennsylvania Avenue, N.W.<br>            Room B103<br>            Washington, D.C.  20530-0001<br><br>            and<br><br>            Nancy A. Ostrowski<br>            Director, Office of D.C. Pensions<br>            U.S. Department of the Treasury<br>            1500 Pennsylvania Avenue, N.W.<br>            Washington, D.C. 20220<br><br>            Defendant. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

# COMPLAINT FOR RESTORATION
# OF PENSION BENEFITS WRONGFULLY WITHHELD

## Introduction

This is an action against the U.S. Department of the Treasury, Office of D.C. Pensions ("ODCP") for unlawfully depriving the plaintiff, a retired Metropolitan Police Department ("MPD") Inspector who had both "government service" and "military service" prior to his appointment to MPD, of the pension benefits to which he is entitled by law. ODCP's reduction of plaintiff's pension by $317.00 per month was arbitrary, capricious, continuing, and in violation of applicable Federal and District of Columbia statutes.

## Jurisdiction

1.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331(a)(1); Pub. Law 105-33, Title XI, Sec. 11071 (a) and 11072 (a), (the National Capital Revitalization and Self-Government Improvement Act of 1997); 31 C.F.R. § 29.406; 38 U.S.C. Chapter 43 (Veterans Benefits); and D.C. Code Title 5-701 et seq. (the District of Columbia Police Officers and Firefighters' Retirement Plan - "the Plan").

## Parties

2.  Plaintiff is a retired "member" of MPD and thus is a "beneficiary" of the Plan. Plaintiff had prior government service as an MPD Cadet before he was an MPD Officer. Plaintiff is also a veteran who served on active military duty before he was an MPD Officer.

3.  Defendant, "ODCP," is an agency of the United States Government, Department of the Treasury. Defendant reduced plaintiff's retirement pension by $317.00 per month effective March 2015, twenty-one years after plaintiff's pension had been lawfully established by

the Police and Firefighter's Retirement and Relief Board ("PFRRB") and by the District of Columbia Retirement Board ("DCRB"), the agencies which had the statutory authority and responsibility to establish retirement policy and pensions for MPD members at the time plaintiff retired.

### Statement of Relevant Facts

4.  Plaintiff was appointed as a Metropolitan Police Department Cadet ("Cadet") on March 24, 1965. As an MPD Cadet, plaintiff was a Civil Service employee. Plaintiff made contributions into the Civil Service Retirement System ("CSRS").

5.  In December 1965, while plaintiff was a Cadet, plaintiff was drafted into the Army.

6.  Plaintiff served in the Army from December 30, 1965 through December 15, 1967, to include serving a year in Vietnam. Plaintiff received several military awards and an Honorable Discharge.

7.  MPD did not place plaintiff in a leave status or pay plaintiff any salary while he was on active duty in the Army.

8.  Upon his discharge from the Army, on December 18, 1967 plaintiff was appointed as an Officer in the Metropolitan Police Department.

9.  On March 8, 1968 plaintiff received a refund of the CSRS retirement contributions he had made during his employment as an MPD Cadet.

10. On August 21, 1992, pursuant to applicable provisions of the Plan, plaintiff "purchased" his prior Civil Service Cadet service for the purpose of having his Cadet service count as prior government "creditable service" for the calculation of his retirement pension from MPD.

11. On September 30, 1994 plaintiff retired from MPD in the rank of Inspector.

12. At the time of his retirement in 1994, plaintiff's eligibility for retirement, and the amount of his retirement pension, was established by PFRRB and by DCRB, the agencies with the statutory authority, responsibility and expertise to retire MPD members and to establish their retirement pensions.

13. At the time of his retirement, plaintiff had "prior government service" as a Cadet under the Plan.

14. At the time of his retirement, plaintiff had "prior military service" as a draftee under the Plan.

15. By letter dated January 23, 2015, ODCP informed plaintiff that "errors" had been made in the calculation of his retirement benefits, which alleged "errors" had resulted in an overpayment of $60,402.00 to plaintiff since his retirement in 1994. ODCP alleged that plaintiff's military service had erroneously been classified as "creditable service" twice. ODCP did not cite any law, rule or regulation to support its position that the pension determined by PFRRB and DCRB in 1994 was "erroneous."

16. Effective March 1, 2015, ODCP unilaterally reduced plaintiff's monthly pension payment by $ 317.00 per month.

17. By letter dated March 9, 2015, plaintiff requested reconsideration of ODCP's reduction of his pension by $317.00 per month and ODCP's Notice of Intent to collect the $60,402.00 alleged overpayment.

18. By letter dated July 9, 2015, ODCP denied plaintiff's request for reconsideration.

19. By letter dated August 12, 2015, plaintiff, by counsel, appealed ODCP's denial of plaintiff's request for reconsideration.

20. By letter dated September 30, 2016, ODCP denied plaintiff's appeal. By separate correspondence dated November 4, 2016, ODCP "waived" collection of the $60,402.00 alleged overpayment. The $317.00 per month reduction of plaintiff's pension remains in effect.

21. By letter dated September 30, 2016, ODCP notified plaintiff that he could obtain judicial review of ODCP's final decision within 180 days of the date of the decision letter.

### Count I - Violation of the Veterans' Benefits Provisions of the Selective Service Act and the Prior Government Service Provisions of the Plan

22. The above paragraphs are incorporated herein by reference.

23. Defendant's failure and refusal to correctly and fully credit plaintiff's two years of active duty in the Army when he was drafted while he was a Cadet as "prior government service" constituting "creditable service" as a Cadet for the purpose of calculating his retirement pension under the Plan, and defendant's reduction of plaintiff's pension by $317 per month, constitutes unlawful discrimination against plaintiff as a veteran in violation of 38 U.S.C. § 4311, and a violation of 38 U.S.C. §§ 4313, 4316 and 4318, as well as a violation of the Plan provisions set forth in D.C. Code § 5-704. Defendant's action is arbitrary, capricious and unlawful.

### Count II - Violation of the Prior Military Service Provisions of the Plan

24. The above paragraphs are incorporated herein by reference.

25. Defendant's failure and refusal to correctly and fully credit plaintiff's two years of active duty in the Army as "prior military service" constituting "creditable service" for the purpose of calculating his retirement pension under the Plan, and defendant's reduction of plaintiff's

pension by $317 per month, is a violation of the Plan, specifically D.C. Code § 5-704. Defendant's action is arbitrary, capricious and unlawful.

WHEREFORE, plaintiff demands judgment against defendant for all pension benefits wrongfully withheld, and issuance of an order directing defendant to pay such pension benefits to plaintiff, retroactively and with interest, and to reinstate to plaintiff's monthly pension, retroactively and prospectively, the $317.00 wrongfully withheld per month, and any other payments required by law, and costs of this proceeding.

DESO & BUCKLEY, P.C.

By: /s/ Robert E. Deso
Robert E. Deso, DCBN 174185
1776 K Street, N.W.
Suite 830
Washington, D.C. 20006
(202) 822-6333
(202) 478-2181 - Fax
redeso@dtswlaw.com
Attorney for Plaintiff,
 Thomas C. Hammett